**TROUSDALE et al. v. SOUTHERN RICE GROWERS' ASS'N et al.   (No. 7821.)**

(Court of Civil Appeals of Texas. Galveston. Feb. 10, 1920. Rehearing Denied. March 11, 1920.)

**1. Corporations ⬤�center⟁503(1) — Venue properly laid in county where corporation stakeholder had resident agent though another corporation was real defendant.**

Where rice growers sued a corporation which had sold rice for them for proceeds unpaid because of a lien asserted thereon by an irrigation company, which was also made a defendant, the action was properly brought in a county where the corporation holding the money as stakeholder had an agent, in view of Rev. St. art. 1830, subds. 4 and 24.

**2. Pleading ⬤⟁104(2)—Wrongful venue by collusion of plaintiff and one defendant held not charged by plea.**

In an action against a stakeholder and a party claiming a lien on plaintiff's money, an allegation that the plaintiff, as a mere subterfuge for wrongfully fixing venue, made fraudulent allegations of conversion, does not charge conspiracy or collusion of plaintiff and stakeholder to fix wrongfully the venue of the suit.

**3. Pleading ⬤⟁101—Plea of privilege dilatory and not on merits.**

A plea of privilege, being dilatory in its nature, does not go to the merits of a controversy.

Appeal from District Court, Matagorda County; Sam'l J. Styles, Judge.

Suit by H. S. Trousdale and others against the Southern Rice Growers' Association and others, in which the defendant Garwood Irrigation Company filed its plea of special privilege. Plea sustained, cause ordered transferred to Colorado county, Tex., and plaintiffs appeal. Reversed and rendered.

Gaines & Corbett, of Bay City, for appellants.

Townsend & Quin, of Columbus, and Conger & Davant, of Bay City, for appellees.

GRAVES, J. The Trousdales, residents of that county, brought this suit in the district court of Matagorda county against two Texas corporations, Southern Rice ·Growers' Association of Beaumont, Jefferson county, and Garwood Irrigation Company, of Garwood, ·Colorado county, Tex., alleging that their principal offices were located, respectively, in the order given, at Beaumont and Garwood but that the Rice˙ Association had an office and a resident local agent in the person of Med Marshall at Bay City, in Matagorda county, and that the local agent of the Irrigation Company at Garwood, in Colorado county, was C. M. Jackson, who lived there. It was further averred that the Rice Association had sold certain rices belonging to plain-

tiffs, receiving therefor the sum of $4,947.92, which it had kept in its own possession, and refused to pay over to plaintiffs upon their demand for it, thereby converting the money of plaintiffs, and that the Irrigation Company was asserting some kind of lien or claim against the Rice Association on account of this money, the exact nature and extent of which plaintiffs did not ·know. They sought judgment for the money and interest thereon from the date of the alleged conversion against the Rice Association, and for cancelation and annulment against the Irrigation Company of all claims upon its part to the fund.

No service of citation was had upon the Rice Association, but it voluntarily appeared and filed answer in the suit, saying that, being chartered for that purpose and engaged in that business, it had during 1917 sold rices for plaintiffs at a stipulated charge for its service, and—

"That it immediately paid over to the plaintiffs all of the money received by it from the rices so sold, save and except its own charges and the further sum of $4,947.92; that said last-mentioned sum of money was retained by it because the Garwood Irrigation Company claimed a lien to that extent against the proceeds of said rice, and demanded that said amount be by this defendant paid over to it; that this defendant refused to do so, but did deposit said money in the bank to its own order or credit, and now holds said sum of money, and has at all times since said date held said sum of money, subject to its order to be paid to the plaintiffs or to whomsoever it might belong.

"This defendant further represents to the court that it has no claim or demand against ·said sum of money or any part thereof; that the plaintiffs have fully satisfied and discharged their obligations to this defendant.

"This defendant here now tenders into the registry of this court said sum of $4,947.92 as a full and complete settlement of all its obligations to the plaintiffs, and asks that upon final adjudication it be absolved from any or all liability to any one on account of this transaction.

"Wherefore, premises considered, this defendant prays that said tender be accepted and this defendant discharged herefrom with its costs, and that the defendant Garwood Irrigation Company be required to assert any right or claim it might have in this cause, or that judgment be rendered absolving this defendant from any liability to said Garwood Irrigation Company; that the plaintiffs be required to accept said sum of money in full satisfaction of all their claims and demands against this defendant."

The Irrigation Company filed its plea of privilege to be sued in Colorado county, its domicile and the place where its principal office was located, setting up that at no material time did it have an office, agent, or representative in Matagorda county, nor did

any of the exceptions to exclusive venue in the county of one's residence mentioned in articles 1830 or 2308, Revised Statutes, exist, and at length further:

"That the defendant Southern Rice Growers' Association, a corporation, maintains an office in Garwood, Colorado county, Texas, and is conducting business in said county, and that the local agent of said defendant Southern Rice Growers' Association, in said Garwood, Colorado county, Texas, is * * *; that neither of the defendants in this suit has its domicile in the county of Matagorda, Texas; that the allegations contained in plaintiffs' original petition filed herein, wherein it is charged that the said Southern Rice Growers' Association has converted $4,947.92 belonging to plaintiffs, and has thereby damaged plaintiffs in the sum of $5,500, is untrue and unfounded in fact; that there has been no conversion of any money or property whatever by said Southern Rice Growers' Association belonging to plaintiffs, but that, in accordance with the usual custom in such cases, plaintiffs delivered to said defendant Southern Rice Growers' Association certain rices raised on land in Colorado county, Texas, and watered by said defendant Garwood Irrigation Company, said rice being raised by plaintiffs on said lands, and watered by said Garwood Irrigation Company, under contract with plaintiffs, for a valuable consideration; that said rices were so delivered to defendant Southern Rice Growers' Association by plaintiffs for the purpose of having said Southern Rice Growers' Association sell said rice for the benefit of said plaintiffs and of said Garwood Irrigation Company, which company has and retains a lien against said crop of rice to secure the payment of water rent due by said plaintiffs to said defendant Garwood Irrigation Company; that it was the understanding and agreement, and the general custom, for said Southern Rice Growers' Association to sell said rices, and to divide the proceeds by paying the water rent to said Irrigation Company, the land rent to the owners of the land on which the crop was raised, and the balance of the proceeds arising from said sale to the growers of said crop, viz., to the plaintiffs; that said Southern Rice Growers' Association has paid to the plaintiffs all moneys belonging to them derived from said sale, and that said $4,947.92 now in the hands of said Southern Rice Growers' Association is money belonging to the defendants and due to them as water rent by plaintiffs under their contract with said Garwood Irrigation Company, and should be paid by said Southern Rice Growers' Association to defendant Garwood Irrigation Company, all of which is well known to plaintiffs; that, in addition to said contract lien, defendant Garwood Irrigation Company also had its statutory lien against said rices; that said rices were delivered by plaintiffs, and with the full knowledge and consent of plaintiffs to defendant Southern Rice Growers' Association, to be sold by said association, and the proceeds to be held in trust by the said association for the purposes above enumerated, constituting a contract performable in Colorado county, Texas; that there has been no conversion of any money whatever belonging to the plaintiffs by the Southern Rice Growers' Association, but that said moneys were placed in the hands of the said Southern Rice Growers' Association by plaintiffs, and with their knowledge and consent, to be paid by said Southern Rice Growers' Association to its respective owners; that said money belongs to the said defendant, Garwood Irrigation Company, all of which facts are well known to plaintiffs; and that plaintiffs as a mere subterfuge, and for the purpose of wrongfully fixing the venue of this suit in Matagorda county, Texas, and in violation of this defendants' rights to be sued in Colorado county, Texas, have made a fraudulent allegation of conversion by said Southern Rice Growers' Association; that none of the allegations of conversion contained in plaintiffs' original petition herein are true; that the same are unfounded in fact; all of which was known to plaintiffs at the time said allegations were made and said petition filed."

This plea purported to be subscribed and sworn to before Wm. C. Foulks, clerk district court, Matagorda county, Texas, under his official seal as such, by G. M. Jackson, vice president and general manager of the Irrigation Company, whose signature was followed by the words: "Of and for the Defendant Garwood Irrigation Company."

By special exceptions, as well as by sworn answer upon the facts therein averred, the plaintiffs controverted the privilege plea, among other contentions not deemed necessary to specially mention under the view here taken, by both methods insisting that it was insufficient and defective in that—

"It does not negative the allegation made in plaintiffs' original petition that the defendant Southern Rice Growers' Association is a corporation and has a local agent in Bay City, Matagorda county, Texas, in the person of Med. G. Marshall, and does not negative the allegation that the defendant Southern Rice Growers' Association has and maintains an office in Bay City, Matagorda county, Texas, and is conducting business in Matagorda county, Texas, which allegations, undenied, constitute proper venue and jurisdiction in the district court of Matagorda county, Texas."

Upon a hearing the trial court overruled the exceptions thereto, sustained the plea of privilege, and ordered the cause transferred to the district court of Colorado county, Tex., from which action the plaintiffs appeal.

[1] We think the court erred. By the pleadings of all the parties and the undisputed evidence the fact that the Rice Association had first collected and retained in bank to its own credit, and subsequently deposited in court—under the conditions recited in its answer—the money claimed by both appellants and the appellee Irrigation Company in the manner severally alleged by them, was unequivocally established. Upon this situation as a premise, with the added facts which the overruling of the demurrers pointing them out admitted to be true (but which we think were also actually proven on the hearing), that the Rice Association was a corporation with an office and a local agent in Matagorda

county, enough was shown to confer jurisdiction upon the district court of that county, and the quoted special exception so maintaining should have been sustained.

In other words, the case thus made is one wherein the money claimed both by the Trousdales and the one of the corporations having its domicile and principal office in Colorado county was held in the capacity of a stakeholder by the other corporation having an office and a local agent in Matagorda county, which it refused to give up until the rights of both claimants were determined, and appellants sue both in the county where the stakeholder has its local agent, pursuant to Revised Statutes, art. 1830, subds. 4 and 24. As against the refusal of the Rice Association to pay the money over to them, although itself disclaiming any other relation toward it than that of stakeholder, there was no way in which the Trousdales could get possession of it without suing that corporation; and subdivision 24 of the article mentioned gave them the right to do that in any county where it had an agent or representative, while subdivision 4 of the same article permitted them to join there as a defendant the other claimant of the same fund, which had its domicile in a different county.

[2, 3] The appellee Irrigation Company meets this situation, however, with the suggestion that there was fraud and collusion between appellants and the Rice Association for the purpose of wrongfully fixing the venue of the suit in Matagorda county, and thereby depriving it of its privilege to be sued in the county of its domicile; but no such issue was pleaded, and therefore was not in the case. The only intimation that there was fraud of any sort upon the part of any of the litigants was this allegation:

"That plaintiffs as a mere subterfuge, and for the purpose of wrongfully fixing the venue of this suit in Matagorda county, Texas, and in violation of this defendant's right to be sued in Colorado county, Texas, have made a fraudulent allegation of conversion by said Southern Rice Growers' Association."

By no stretch of construction could that be regarded as a charge that appellants and the Rice Association were in conspiracy or collusion together for the purpose of fraudulently preventing the Irrigation Company from availing itself of the right to be sued in its home county, since it is expressly confined to an indictment of appellants' acts alone; moreover, its final substance and necessary effect is merely a denial of the essential averment on which appellants' suit rested, that the Rice Association had converted their money. Such is not the office of a plea of privilege, it being dilatory in its nature, and not one going to the merits of the controversy.

If such a conspiracy or collusion between the other parties with the objective of wrongfully hailing the Colorado county corporation before a foreign jurisdiction had been declared upon and evidence establishing the fact of it had been received, a very different case would have been made; as it is, however, in view of the unilateral character of the sole averment appearing, the quoted one, it obviously becomes unnecessary to go into the proof offered in support of it.

Other considerations than those specifically discussed, through different assignments and the answers thereto, are presented by both parties; but as the conclusions already stated determine the merits of the appeal, further comment becomes unnecessary. Since the plea of privilege as presented was unavailing, the trial court's judgment sustaining it is reversed, and judgment is here rendered upholding the venue as laid in Matagorda county.

Reversed and rendered.