## SOUTH LIBERTY OIL CO. v. BUSH.
(No. 8850.)

(Court of Civil Appeals of Texas. Galveston. June 2, 1926.)

**1. Venue ⬅➡27.**

Plaintiff, who negotiated assignment of oil lease, could sue for that part of royalty payable to assignor under assignment which was agreed on as compensation for his services in county of assignee's domicile, in view of Rev. St. 1911, art. 1830, subd. 4.

**2. Appeal and error ⬅➡912.**

On appeal from order overruling plea of privilege of one defendant, plaintiff's pleadings *held* regarded as proven to extent of showing cause of action against resident defendant.

Appeal from District Court, Harris County; Charles Ashe, Judge.

Action by A. E. Bush against the South Liberty Oil Company and another. From an order overruling the named defendant's plea of privilege, it appeals. Affirmed.

E. B. Pickett, Jr., of Liberty, for appellant. Stewart, De Lange & Milheiser, of Houston, for appellee.

GRAVES, J. A sufficient statement is thus constructed by putting together without the

use of quotation indicia, parts of those severally made by the two appellate litigants in their briefs:

This is an appeal from an order overruling a plea of privilege duly filed by the appellant, South Liberty Oil Company. The suit was filed by A. E. Bush, a resident of Liberty county, in the district court of Harris county against the South Liberty Oil Company, a corporation having its domicile in Liberty county, and the Humble Oil & Refining Company, a corporation domiciled in Harris county. In his petition, plaintiff alleged that on or about November 21, 1924, the South Liberty Oil Company employed him to effect a sale of certain oil and mineral leases and machinery then belonging to it, authorized him to make sale for a cash consideration and a one forty-eighth overriding royalty to the company out of oil produced and saved from such leases; "it being understood and agreed that any additional royalty, and other considerations that might be secured by said A. E. Bush, should be the property of said A. E. Bush as his compensation for effecting said sale." Plaintiff further alleged that he made sale of the leases and property "in accordance with the terms of plaintiff's agreement with said company; said agreement being effected by said Bush and evidenced by written agreement executed by said South Liberty Oil Company, and by said Humble Oil & Refining Company; said agreement providing that the assignor (South Liberty Oil Company) reserves and retains unto itself a one twenty-fourth overriding royalty on all oil, gas, and other minerals produced and saved from the above-described premises under the terms of the leases assigned"; it being also alleged by plaintiff that the Humble Company paid to the South Liberty Company the sum of $6,000 cash, and further agreed to pay an additional sum of $6,400 out of the oil which might be produced under the leases. The petition further alleged that—

"All of which considerations and the terms of sale and the description of property, and leases assigned, which said A. E. Bush was authorized to sell, being more particularly set forth in said written agreement from South Liberty Oil Company and Humble Oil & Refining Company, filed for record January 3, 1925, recorded in volume 123, p. 564 et seq. of the Deed Records of Liberty County, Tex., to which reference is hereby made; said agreements and sale complying with all the terms and conditions of agreement between said A. E. Bush and said South Liberty Oil Company."

Paragraph 5 of the petition contains these allegations, to wit:

"According to the terms of the agreement between said South Liberty Company, its officers and directors, and the said A. E. Bush, the said A. E. Bush was to have as his commis-

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sion and compensation for making sale of said leases and other property of said South Liberty Oil Company, all royalties and all oil and gas and other materials, and all rights thereto and proceeds therefrom in excess of a one forty-eighth overriding royalty; that by virtue of said agreement and the sale of same as aforesaid, made by said A. E. Bush, and as the direct result of his efforts, said A. E. Bush became and is entitled to all royalties on the leases hereinbefore described, and to all oil, gas, and other minerals produced and saved therefrom in excess of one forty-eighth, overriding royalty, and is entitled to an overriding one forty-eighth royalty in and to all leases described in said agreement from South Liberty Oil Company to Humble Oil & Refining Company, above described, and to a one forty-eighth overriding royalty in and to all oil, gas, and other minerals produced and saved therefrom and to all such proceeds of sale thereof."

In paragraph 7 of the petition it is alleged that the assignment from South Liberty Oil Company to the Humble Company "was in accordance with the authorization from said South Liberty Company to the said A. E. Bush and was considered by said South Liberty Oil Company as in accordance with the authorization given to said A. E. Bush," and that by "the acceptance of the benefits thereunder said defendant South Liberty Oil Company confirmed the agreement, ratified it with full knowledge, and promised to pay to plaintiff the compensation as hereinbefore set forth, and the said South Liberty Oil Company is estopped to deny the right of said plaintiff as hereinbefore set forth."

Paragraph 8 of the petition alleges:

"Said defendant South Liberty Oil Company has retained the entire one twenty-fourth overriding royalty, and all proceeds therefrom in its own name as aforesaid, and has failed and refused to execute to this plaintiff a conveyance or assignment of this plaintiff's one forty-eighth overriding royalty, and to pay this plaintiff for the proceeds thereof, though often demanded, and is collecting same from the defendant Humble Oil & Refining Company, both the said defendants refusing to make payment to this plaintiff, though large sums have accrued to this plaintiff and more are accruing each day by virtue of the production and saving of oil by said defendants on the leased premises hereinbefore mentioned; and, by virtue of the premises, said defendants are acting together to deprive this plaintiff of his interest in said leases and property and proceeds thereof, and withhold same from this plaintiff."

The prayer asks for a restraining order, or temporary injunction prohibiting the Humble Company from paying to the South Liberty Company, and the latter from receiving, any royalties, oil, gas, or proceeds, requiring the Humble Company to deposit all proceeds in the registry of the court, and for appointment of a receiver to take charge thereof, and that, on final hearing, plaintiff have judgment perpetuating the injunction, for

title and possession of the one forty-eighth overriding royalty interest in all oil, gas, and other minerals, and that the defendant South Liberty Oil Company be required to assign same to plaintiff, and for his damages in the sum of $10,000, etc.

The Humble Company answered by general demurrer and general denial, and by further answer that such defendant did not claim for itself the one forty-eighth overriding royalty, being ready and willing to pay such sum of money as might be derived from the one forty-eighth overriding royalty to whomsoever the court might direct, filing special prayer that the title to such one forty-eighth overriding royalty be definitely settled and determined so that it might safely pay to one or the other of the parties to the suit sums as had arisen or might arise therefrom.

The defendant South Liberty Oil Company filed a plea of privilege, which in all respects complied with the statutory requirements; the plea showing that such defendant was a resident of Liberty county, and praying for a transfer of this cause to the district court of Liberty county.

The plaintiff filed a controverting affidavit, claiming venue in the trial court under both subdivisions 4 and 24 of R. S. art. 1830, alleging in substance: (1) That the suit is against the two corporate defendants to recover title to and possession of one-half of the one twenty-fourth overriding royalty interest carried in the leasehold assignment from the Liberty Company to the Humble Company, or a one forty-eighth royalty, as well as all proceeds therefrom, all of which interests both the defendants deny and withhold from him, wherefore each is a necessary as well as proper party, he having notified the Humble Company of his claim and of its liability to him for any of his property it may deliver to the other company; (2) that his cause of action and various portions thereof arose in Harris county, in that the negotiations for the sale he effected as the Liberty Company's representative were conducted and completed there, and the agreement for the sale between him and the Humble Company was made in the latter's office at Houston, in that county, the subsequent written transfer signed in Liberty county by the former company being a mere evidence of the actual contract theretofore so made through himself in Houston.

In response to such controverting plea, the defendant South Liberty Oil Company filed a sworn reply, alleging: (1) That the defendant Humble Company is neither a necessary nor proper party to this suit; (2) that it appears from the face of the written transfer and assignment of the leasehold rights referred to in the controverting affidavit, certified copy of which is attached, that it was executed at Liberty, in Liberty county, Tex.; that the plaintiff herein was not a party to it; and "that he has no cause of action what-

ever against the defendant Humble Oil & Refining Company for any part of the one twenty-fourth overriding royalty which this defendant South Liberty Oil Company reserved to and for itself under the terms of said written assignment and transfer of date January 3, 1925."

After hearing the evidence submitted in support of and against such plea of privilege and the controverting reply, the court overruled the plea, from which order this appeal has been perfected.

[1, 2] (1) We think both pleadings and proof in this instance clearly showed such a cause of action against the Humble Company as made it a necessary, or at least a proper party, and hence rendered both corporations suable in the county of its domicile under subdivision 4 of article 1830. The pleadings of the appellee wherein he averred that he was the actual owner and entitled to the possession of a one forty-eighth part of all oil that had been or would be produced from the leases involved, notwithstanding no mention of it in the written transfer between the two companies, the recognition and recovery of which he sought, and that after notice thereof each and both of them denied its existence and withheld it from him, have been substantially summarized. In deference to the trial court's judgment, as well as in response to an examination of the statement of facts, these averments must be regarded as proven "to the extent of showing a bona fide cause of action against the resident defendant" (Richardson v. Cage [Tex. Com. App.] 252 S. W. 749), and bring the case in this respect—despite the Humble Company's answer that it claimed no individual interest, but held only as a stakeholder—within the principle thus stated by this court in Trousdale v. Rice Growers' Association (Tex. Civ. App.) 221 S. W. 322 (writ of error refused):

"By the pleadings of all the parties and the undisputed evidence the fact that the Rice Association had first collected and retained in bank to its own credit, and subsequently deposited in court—under the conditions recited in its answer—the money claimed by both appellants and the appellee irrigation company in the manner severally alleged by them, was unequivocally established. Upon this situation as a premise, with the added facts which the overruling of the demurrers pointing them out admitted to be true (but which we think were also actually proven on the hearing), that the Rice Association was a corporation with an office and a local agent in Matagorda county, enough was shown to confer jurisdiction upon the district court of that county, and the

quoted special exception so maintaining should have been sustained.

"In other words, the case thus made is one wherein the money claimed by the Trousdales and the one of the corporations having its domicile and principal office in Colorado county was held in the capacity of a stakeholder by the other corporation having an office and a local agent in Matagorda county, which it refused to give up until the rights of both claimants were determined, and appellants sue both in the county where the stakeholder has its local agent, pursuant to Revised Statutes, art. 1830, subds. 4 and 24. As against the refusal of the Rice Association to pay the money over to them, although itself disclaiming any other relation toward it than that of stakeholder, there was no way in which the Trousdales could get possession of it without suing that corporation; and subdivision 24 of the article mentioned gave them the right to do that in any county where it had an agent or representative, while subdivision 4 of the same article permitted them to join there as a defendant the other claimant of the same fund, which had its domicile in a different county."

(2) As concerns the second ground, appellant contends by proposition in this court that appellee's original petition contains no allegation that any part of the declared upon cause of action arose in Harris county, and, consequently, despite the appearance of the above-detailed averments to that effect in his controverting affidavit, the venue could not be laid in that county under subdivision 24 of article 1830.

In view of our holding that the venue, as laid, is properly sustainable under subdivision 4, it is unnecessary to decide the point, but we are not inclined to sustain it. The petition did fully state all the essentials of the cause of action, merely omitting to specifically allege that the contract declared upon was in fact consummated in Harris county, which, by amplification, was so done in the controverting affidavit; there being nothing contradictory in the two successive pleadings. Appellant did not present this objection by exception to the appellee's pleadings, but, on the contrary, elected to raise the issue of the trial court's jurisdiction over it by a formal plea of privilege to be sued in Liberty county, where it resided. In such circumstances our Supreme Court, through the Commission of Appeals in Gohlman v. Griffith, 245 S. W. 233, seems to have held contrary to appellant's position.

Further discussion is deemed unnecessary. It follows that the judgment should be affirmed. That order has been entered.

Affirmed.